*E-FILED - 11/19/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>MARIO CEJA MAGANA,<br><br>Defendant-Petitioner. | CASE NOS. C-06-03064-RMW (PR)<br>CR-96-20057-RMW<br><br>ORDER DENYING SECOND MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE |

Mario Ceja Magana has filed a second motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence pursuant to Ninth Circuit authorization. In his motion, he seeks relief on two bases: (1) his sentence was imposed in violation of his Fifth and Sixth Amendment rights; and (2) he is actually innocent and, therefore, his conviction was entered in violation of his due process rights. Neither claim has merit and the motion is hereby denied.

Magana was convicted on October 10, 1996 of conspiracy to possess methamphetamine, and he was sentenced on April 16, 1997 to 20 years of imprisonment. His conviction and sentence were affirmed on appeal in an opinion dated February 17, 1999.

Since an amount of drugs was not charged in the information on which Magana was convicted and the jury was not asked to determine the quantity of drugs involved, Magana claims he was deprived of his constitutional right to have the jury determine all elements

1  of his offense as required by such case as *United States v. Velasco-Heredia*, 319 F.3d
2  1080, 1086 (9th Cir. 2003).  Although not cited by Magana, the more directly applicable
3  cases are *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Ameline*, 409
4  F.3d 1073, 1084 (9th Cir. 2005).  However, Magana's claim is not valid for a number of
5  reasons.  First, the cases on which he relies do not apply retroactively to convictions that
6  became final prior to their pronouncement which his did.  *United States v. Cruz*, 423 F.3d
7  1119, 1121 (9th Cir. 2005) ("*Booker* is not retroactive, and does not apply to cases on
8  collateral review where the conviction was final as of the date of *Booker's* publication.")
9         Second, the statutory maximum confinement under 21 U.S.C. § 841(b) for conviction
10 for *any* quantity of methamphetamine is 20 years.  Therefore, Magana was subject to a 20
11 year sentence without any enhancement for the quantity of methamphetamine.  In addition,
12 Magana had a prior conviction for a felony drug offense on which the government gave
13 notice that it intended to rely.  Therefore, Magana was subject to a 30 year sentence
14 regardless of the amount of methamphetamine.  21 U.S.C. 841(b)(1)(c).
15        For these reasons, Magana first basis for relief is without merit.
16        Magana also claims that he now has "newly discovered evidence," specifically a
17 purported declaration from his co-defendant Miguel Pedrisco Chavez, stating that he,
18 Magana, was a mere bystander who knew nothing about the drug transaction and that the
19 government had been informed prior to trial that Magana was innocent.  Chavez declares
20 he informed the government of Magana's innocence in an effort to settle the case but that
21 the government rejected both the information and his plea overture.
22        Chavez testified at trial, denied knowledge as what specifically Magana knew about
23 the drug transaction and did say that he did not know whether Magana was the source of
24 the methamphetamine.  RT (10/8/96) at 619.  However, he related numerous facts that
25 clearly implicated Magana.   Chavez's testimony at trial was clearly inconsistent with what
26 is now contained in his purported declaration.
27        Recantation testimony is properly viewed with great suspicion and is generally
28 considered unreliable.  *See Allen v. Woodford,* 395 F. 3d 979, 994 (9th Cir. 2005).  In this

ORDER REQUIRING RESPONSE
CASE NOS. C-06-03064-RMW (PR); CR-96-20057-RMW

1  case there are numerous reasons why the Chavez declaration is unreliable.  There is a
2  nine year gap between his trial testimony and his purported declaration.  The declaration is
3  conclusory and vague on the details of Chavez's purported disclosure to the government.
4  Chavez fails to identify to whom the disclosure was made, how it was made and the
5  specifics of the disclosure.  Further, the lead prosecutor, the case agent and another agent
6  deny that any proffer was ever made and their case records reflect no indication that
7  Magana approached the government about a plea or his claim that Magana was innocent.
8  Chavez does not explain the inconsistency between his declaration and his testimony at
9  trial.  Finally, the evidence at trial even without Chavez's testimony strongly pointed to
10 Magana guilt.  Therefore, even if Chavez had testified in accordance with his purported
11 declaration, the outcome of Magana's trial would have most likely been the same.
12         Magana requests an evidentiary hearing.  However, one is not necessary in view of
13 the inherent unreliability of Chavez's purported declaration.  In order to obtain a hearing
14 under section 2255, a petitioner must make a more substantial showing than merely
15 claiming a witness falsely testified and making the unsupported allegation that perjured
16 testimony was knowingly used by the prosecution.  *See Beavers v. United States*, 351 F.2d
17 507, 509 (9th Cir. 1965).  When a movant's claim for relief does not state a claim for relief
18 or is palpably incredible or patently frivolous, no hearing is required.  *See United States v.*
19 *Scaflander*, 743 F.2d 714, 717 (9th Cir. 1984).  The court finds that Magana's section 2255
20 motion does not state a claim because he cannot show prejudice and the allegation that he
21 told the government before trial that Magana was innocent is palpably incredible.
22 Therefore, Magana's second basis for relief has no merit.
23         Magana's motion for relief pursuant to 28 U.S.C. § 2255 is denied.
24
25 DATED: 11/19/08
26                                                          *Ronald M Whyte*
                                                     _____
27                                                   RONALD M. WHYTE
                                                     United States District Judge
28

ORDER REQUIRING RESPONSE
CASE NOS. C-06-03064-RMW (PR); CR-96-20057-RMW

Copy of Order mailed on  11/19/08  to:

Jeffrey D. Nedrow
Assistant United States Attorney
280 South First Street
San Jose, CA 95113

    Attorney for Plaintiff-Respondent United States of America

Mario Ceja Magana
Reg. No. 00343-111
FCI Ashland
P.O. Box 6001
Ashland, Kentucky 41105

    Defendant-Petitioner in Pro Se

**ORDER REQUIRING RESPONSE**
**CASE NOS. C-06-03064-RMW (PR); CR-96-20057-RMW**